385 P.2d 219

**Ellen L. EDWARDS, widow, in the matter of Malcolm J. Edwards, deceased, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Arizona State Highway Commission, Respondents.**

**No. 7682.**

Supreme Court of Arizona.

In Division.

Sept. 18, 1963.

Hunter, Bartlett & Penn, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, for respondent Industrial Commission of Arizona; C. E. Singer, Jr., Lorin Shelley, Ben P. Marshall, and Robert D. Steckner, Phoenix, of counsel.

BERNSTEIN, Chief Justice.

This is a petition for writ of certiorari to review an award of the Industrial Commission denying a claim for widows' benefits under the Workmen's Compensation Laws of this state by virtue of the death of petitioner's husband, Malcolm J. Edwards, an employee of the Arizona Highway Commission.

The only question in this case is whether Edwards' death was the result of an accident arising "out of and in the course of" his employment as required under A.R.S. § 23–1021.

It is undisputed that petitioner's husband was on a business trip for the state highway department, drawing per diem pay, on the day of his death. On August 8, 1961, he and a fellow employee left Phoenix by automobile furnished by the highway department on a trip which was expected to take several days. After having driven approximately 500 miles, they stopped at a motel in Prescott for the night. At about 8:00 P. M. the decedent was seen swimming in the pool at the motel. A few moments later he was found lying face down in the bottom of the pool. The autopsy report confirmed the cause of death to be drowning by asphyxia.

The Industrial Commission found that the accident did not occur during business hours and was not connected with the decedent's duties, and thus denied widows' benefits.

Under our statute, referred to above, a compensable injury is one that both "arises out of," and is sustained "in the course of" employment. The fact that an employee is away from the office does not affect his right to compensation, providing he is "on the job" during the time he is away. Harris v. Industrial Commission, 72 Ariz. 197, 232 P.2d 846. But the injury itself must in some way occur in the course of employment. In Gaumer v. Industrial Commission, 94 Ariz. 195, 382 P.2d 673 (June 1963), we upheld the award of the Industrial Commission, denying benefits for the reason that the accident was not one that arose in the course of decedent's employment. There, decedent, a charter pilot and aircraft mechanic, utilized his lunch hour to make a test run in an airplane which he had agreed to deliver to Mexico on the weekend. We said,

"Where an injury is suffered by an employee while engaged in acts for his own purposes or benefit (other than acts necessary for his own personal comfort and convenience *while at work*) such injury is not in the course of his employment." (Emphasis added.) 94 Ariz. at 198, 382 P.2d at 674.

Simply stated, there must be a causal connection between one's employment and the accidental death or injury sustained

before compensation can be made. The only connection between decedent's employment and his accident is that his assignment took him to Prescott and necessitated his finding overnight lodging there. More is required under the industrial compensation laws of this state as we have consistently interpreted them. Recreational activity of the kind undertaken by the decedent cannot be said to be an incident to his work or in any way associated with it.

The award of the Industrial Commission is affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.