410 P.2d 140

**Ercell BAILEY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Gardner Construction Company, Inc., and the Travelers Insurance Company, Respondents.***

**No. 1 CA–IC 32.**

Court of Appeals of Arizona.

Jan. 24, 1966.

Rehearing Denied Feb. 23, 1966.

Review Denied March 22, 1966.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Kramer, Roche, Burch, Streich & Cracchiolo, by William E. Smith, Phoenix, for respondent, The Travelers Ins. Co.

Robert K. Park, Phoenix, present Atty., Richard J. Daniels and Merton E. Marks,

---

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8304. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Phoenix, former Attys., for respondent, The Industrial Commission.

STEVENS, Chief Judge.

This opinion relates to a claim for industrial compensation arising out of an automobile accident which occurred in Arizona while the employee was engaged in interstate travel between job locations. Compensation was denied based upon an asserted abandonment of employment due to a material deviation from a reasonably direct route of travel.

The petitioner Ercell Bailey is a resident of Indiana. The respondent Gardner Construction Company, Inc., is Bailey's employer and has its headquarters in Indiana. The respondent, The Travelers Insurance Company, is a private carrier covering Gardner's workmen's compensation liability.

Bailey and a fellow employee, Rex Thompson, were working for Gardner at a job site in Minnesota. When the Minnesota job was completed, Gardner directed Bailey and Thompson to proceed to another of its job sites, the one near Oracle, Arizona. These employees were to report for work at the commencement of the working day of Monday, 8 October 1962. Both men traveled to Arizona in an automobile privately owned by Thompson. The travel route was not designated by Gardner. During their period of travel from Minnesota to Arizona, that is, from job site to job site, they were in an employee status and they were paid an agreed rate during the course of such travel. The pay rate was that "each was allowed 50 miles to the hour of travel + 3¢ per mile travel expense. The hourly rate was agreed at $3.25 for each 50 miles and the mileage charge of 3¢ per mile".

The record indicates that at approximately 11:00 o'clock in the evening of Saturday the 6th day of October, Bailey and Thompson were in Tucson, Arizona. The accident from which this claim arose occurred approximately 30 miles south of Tucson on U. S. 89 while the vehicle driven by Thompson was traveling north in the direction of Tucson. The accident occurred at approximately 8:00 in the morning of Sunday the 7th day of October 1962. Both Thompson and Bailey were injured in the accident.

The geography of the pertinent area is that Oracle is located approximately 36 road miles north and east of Tucson while Nogales, Arizona and her neighboring twin city, Nogales, Sonora, are located approximately 65 miles south of Tucson. The usual route of travel from Tucson to Oracle would be north on U. S. 80–89 for approximately 25 miles to Oracle Junction, then east on Arizona 77 to Oracle. By contrast, the usual route to Nogales is South on U. S. 89.

Bailey applied to the respondent Industrial Commission for compensation benefits, his initial report of injury having been filed on 8 November 1962. Gardner filed its initial employer's report of injury on 31 October. On 4 February 1963, the Industrial Commission issued its Action No. 1 and its "Notice of Injury and Acceptance of Liability". This notice was directed to Travelers and proper reference was made to Bailey and his employer Gardner. Among other matters, the notice contained the following provision:

"You are further notified that any protest of the acceptance of this claim must be made within fourteen days after service upon you of this notice."

There is an affidavit of mailing to Travelers, to Gardner and to Bailey and later testimony reveals that Travelers received this within the normal lapse of mail time in the City of Phoenix. This action was taken and notice was given pursuant to the Rules of the Industrial Commission, which Rules are in part as follows:

"50. Payment of Compensation or Denial of Liability, Time For:—Within fourteen (14) days after the service of such notice, such carriers shall commence the payment to the injured employee of the compensation provided by the Workmen's Compensation Law,

or else file with the Commission a written denial of liability.

"51. Denial Must Be Set Forth In Full:—Such denial shall set forth specifically and in detail each and every ground on which liability is denied, and any defense not so specified therein shall be deemed fully and finally waived.

"52. Failure to Deny Liability Admits Same:—If no written denial be filed within such time, or if the payment of compensation be not commenced within such time, the injury, the continuance of the disability and the liability of the carriers for compensation, as well as liability for compensation during the future continuance of the same disability, shall be deemed admitted by such carriers."

Travelers took no action within the fourteen day period, a fact which is reflected by the record and also admitted in the oral testimony on rehearing. On 21 March 1963, the Commission by ex parte action without notice, issued its Action No. 2 rescinding its February 4th Action No. 1. On the following day, the Commission entered its findings and award for a noncompensable claim finding an abandonment of employment and that the unauthorized settlement constituted an election. Benefits to Bailey were thus denied.

This award was timely protested and a hearing was held on 29 October 1963. On 13 February 1964, the Commission entered its amended findings and award for a noncompensable claim. Included therein are findings that at the time of the accident the applicant was returning from a trip to Nogales; that the purpose of the trip was to "look at scenery"; that at the time of the accident the men "were not acting for and behalf of the furtherance" of the employer's business; that the "injury did not arise out of and in the course of applicant's employment"; and that there was jurisdiction to vacate Action No. 1.

This appeal was brought by a writ of certiorari from the amended findings and award. Two questions are presented by this appeal: Did the Commission have jurisdiction to vacate its Action No. 1? And, is the amended findings and award reasonably supported by the evidence?

Bailey then urged and now urges that the Industrial Commission was without jurisdiction to vacate Action No. 1 and expressly reserving this objection, Bailey, through his attorney, participated in the 29 October hearing. The petitioner urges that Rules 50 to 52 are of import and character similar to Industrial Commission Rule 37. Rule 37 governs the time within which a party may protest an award. It has been held that the protest time set forth in Rule 37 is jurisdictional. Naylor v. Industrial Commission, 89 Ariz. 394, 363 P.2d 579 (1961); Narramore v. Fannin's Gas & Equipment Company, 80 Ariz. 115, 293 P.2d 671 (1956); Hale's Estate v. Industrial Commission, 78 Ariz. 202, 277 P.2d 1014 (1954). It is our opinion that there is a great distinction between an award which is a ruling on the merits, a final disposition of the claim, and an intermediate procedural act. The Industrial Commission is a quasi judicial body. It has the right and privilege on its own motion to vacate a preliminary procedural action so long as no rights are prejudiced thereby. None were here prejudiced. Bailey retained all of his rights and privileges in relation to establishing his claim to compensation.

Diligence and care of the Commission's Private Carrier Department or by Travelers' representatives would have eliminated the necessity for our considering this issue. We are not impressed by Travelers assertion that the Phoenix office took no action during the fourteen day period by reason of the fact that the physical file was in Travelers' Indiana office. It is all one company. Further, the file in the Industrial Commission on the date of Action No. 1 contained in essence nearly all of the information later elicited at the rehearing except the investigation report of the highway patrolman supplemented by his oral testimony. Bailey's statement contained a

direct reference to the fact of a highway patrol investigation. The file was complete or could have easily been completed, before the Commission took action. Travelers was in constant communication with Bailey and his attorney in Indiana. An examination discloses that the following documents were available in the file: Bailey's report of injury; Gardner's report of injury; a 12 October 1962 longhand statement signed by Bailey taken at a Tucson hospital which the evidence later indicated was taken by an adjuster of Thompson's public liability insurance carrier; and another longhand statement signed by Bailey, this statement being dated 7 November, which later evidence indicated was taken in Indiana by an adjuster employed by Travelers. Summarizing these statements, there is no dispute as to the employment, that Thompson, a fellow employee, was driving the vehicle at the time of the accident, and that Bailey was seriously injured. In relation to the site of the accident, the employee's report form merely discloses that the accident took place some 22 miles from Tucson. The statements taken by both adjusters more specifically state that the accident occurred south of Tucson. The statements indicate that Bailey and Thompson may either have been misdirected or may have misunderstood directions as to the exact location of the job site. In addition to the disclosure that the accident was investigated by the highway patrol, there were other leads which would enable an investigator to pursue a factual inquiry into the circumstances of the accident. Certainly the very serious nature of the injuries to both Bailey and Thompson should have alerted the parties to the necessity of a complete investigation. The file also contains a 23 January office memorandum disclosing a telephone conversation between a Commission employee and a Travelers' adjuster indicated that Travelers' Indiana office had been in contact with Thompson's insurance company. The file reflected a memorandum relative to a conversation which indicated that Bailey had effected a settlement with Thompson's insurance carrier without filing an election. Later the release for a nominal sum was placed in the file and on 20 March the highway patrolman's accident report was placed in the file. The file could reasonably be construed to disclose at most an error in judgment in relation to the route to be taken in reporting to the job site.

The highway patrolman testified that another patrolman had seen the same automobile including Thompson, parked north of Nogales at approximately 6:00 o'clock in the morning on the day of the accident. He further stated that the investigation revealed that Thompson at the time of the accident was speeding; that he was driving on the wrong side of the road; that he had had a few drinks but that his driving ability was not impaired; and that he was sleepy and fell asleep, causing him to drive off the road. He further related a conversation with Thompson wherein Thompson stated, "We just went down to Nogales to look at the scenery" and further that after they had stopped in Tucson "then they decided to go south". There was a very general question and answer to the effect that Bailey substantiated Thompson's statements.

We are faced with the question as to whether there was sufficient reasonable evidence to permit the Industrial Commission to negative the inference that Bailey and Thompson had either been misdirected or that they had misunderstood their directions thereby causing them to travel south and to permit the Commission to find in place thereof an intentional material deviation from a reasonable route of travel for their own personal pleasure. In our opinion, there is a much greater latitude in the area of travel in the situation which we have before us than there would be in a situation similar to that presented by the case of Edwards v. Industrial Commission, 94 Ariz. 342, 385 P.2d 219 (1963). The case before us does not come within the matters set forth in Charles v. Industrial Commission, 2 Ariz.App. 202, 407 P.2d 391 (1965). We are not called upon to announce definite and meticulous guide lines

of travel routes generally in relation to the problem now before us, and we expressly refrain from so doing. It is our opinion that there was sufficient reasonable evidence to support the findings of the Industrial Commission.

We are not called upon to decide whether or not Bailey's settlement with Thompson, which settlement was effected without the consent of the Industrial Commission, would have foreclosed his right to compensation.

The award is affirmed.

CAMERON and DONOFRIO, JJ., concur.