480 P.2d 992

Lude L. KASPROWIZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Trevizo's Truck Tractor, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 415.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 22, 1971.

Rehearing Denied March 24, 1971.
Review Denied April 27, 1971.

Langerman, Begam & Lewis, by Jack
Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Judge.

This is an appeal by certiorari from an award of The Industrial Commission of Arizona holding the petitioner's claim non-compensable.

It is petitioner's position that he was injured while working underneath a truck adjusting a 350 to 400 pound transmission. His testimony is to the effect that on March 3, 1969, at approximately 11:30 a. m., he was installing a transmission on a truck when the transmission slipped, causing him to wrench his back and neck and sprain his right knee; that no one was present at the time; that he reported the accident to his employer; and that he was disabled for approximately six months as a result of the accident.

The petitioner filed a claim for benefits on March 9, 1969. The employer or its insurance carrier, the Fund, failed to either pay compensation or deny the claim until June 4, 1969, some 77 days after the claim was filed.

The employer has denied that he had any knowledge of the accident, and has contended that the only work done at that time was the replacing of an engine which did not require that the transmission be loosened or removed.

The hearing officer found that the applicant failed to show by a reasonable preponderance of the evidence that he sustained an injury by accident arising out of and in the course of his employment. The Commission approved his finding, and the award complained of was issued.

Two questions are presented by this appeal. The first one involves the interpretation of A.R.S. § 23–1061, subsec. I, and the second one involves the issue as to whether the award is reasonably supported by the evidence.

Section 23–1061, subsec. I reads as follows:

"§ 23–1061. Notice of accident; form of notice; application for compensation; reopening; payment of compensation.

\*   \*   \*   \*   \*   \*

"I. Upon the filing of a petition to reopen a claim or of a notice of an accident, the commission shall in writing notify all parties in interest. The employer's insurance carrier or a self-insuring employer shall in writing notify the commission and the employee within *fourteen days* after the date of such notice of its acceptance or denial of the petition. \* \* \*" (Emphasis added)

This statute became effective January 1, 1969. The Rules of Procedure adopted by the Industrial Commission which were in effect at the time this statute was adopted, and continued in effect insofar as they did not conflict with the new statutes, until superseded by the Rules of the Industrial Commission adopted September 1, 1970, were as follows:

"DENIAL OF LIABILITY BY INSURANCE CARRIER OR SELF-INSURING EMPLOYER

48. Notice of Injury by Commission:— Every insurance carrier authorized to write workmen's compensation insurance in the State of Arizona, including every self-insurer, will be given notice by the Commission of any injury to an employee for which, according to the records of the Commission, such carrier shall appear to be liable under the Workmen's Compensation Law of the State of Arizona.

49. Notice, Contents, Service:—Such notice will briefly describe the injury. Such notice may be served by mail, as in the case of an award or other notice. Service will be deemed complete within like time. Every such carrier shall notify the Commission of an address in Arizona which shall be used for the purpose of such notice. See: Rules 41–44.

50. Payment of Compensation or Denial of Liability, Time For:—Within *fourteen (14) days* after the service of such notice, such carriers shall commence the payment to the insured employee of the compensation provided by The Workmen's Compensation Law, or else file with the Commission a written denial of liability. (emphasis added)

51. Denial Must Be Set Forth In Full:—Such denial shall set forth specifically and in detail each and every ground on which liability is denied, and any defense not so specified therein shall be deemed fully and finally waived.

52. Failure to Deny Liability Admits Same:—If no written denial be filed within such time, or if the payment of compensation be not commenced within such time, the injury, the continuance of the disability and the liability of the carriers for compensation, as well as liability for compensation during the future continuance of the same disability, shall be deemed admitted by such carriers.

53. Denial of Liability Subsequent to Payment:—The commencement of the payment of compensation within such time shall preserve to the carriers the right to file such a denial thereafter at any time within fourteen (14) days of the date to which compensation is paid."

Also in effect at this time was A.R.S. § 23–1062, subsec. B which reads as follows:

"§ 23–1062. *Medical, surgical, hospital benefits; commencement of compensation*

\* \* \* \* \* \*

B. The first installment of compensation shall be paid no later than *the fourteenth day* after the notice to the insurance carrier except where the right to compensation is denied. Thereafter, compensation shall be paid at least once each two weeks during the period of temporary total disability and at least monthly thereafter. Compensation shall not be paid for the first seven days after the injury. If the incapacity extends beyond the period of seven days, compen-

sation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury." (emphasis added)

Our Supreme Court has repeatedly held that the cardinal rule of statutory construction is that the reviewing court must, if possible, ascertain the intent of the Legislature. There are many things which the court is permitted, and indeed required, to take into consideration in ascertaining this, such as the language used, its grammatical construction, other statutes *in pari materia*, the general policy of the state, and many other well-known rules of construction. Arizona Gunite Builders, Inc. v. Continental Cas. Co., 105 Ariz. 99, 459 P. 2d 724 (1969); Estate of Stark, 52 Ariz. 416, 82 P.2d 894 (1938); Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965).

It is the opinion of the Court that the intent of the Legislature in the instant case is clear and unambiguous. The two statutes, being *in pari materia,* read together demonstrate the intent of the Legislature to expedite the processing of workmen's compensation claims to the end that either compensation is commenced no later than 14 days after notice to the insurance carrier, or the employee is notified that his claim has been denied by the carrier. The language in both A.R.S. § 23–1061, subsec. I and A.R.S. § 23–1062, subsec. B is mandatory. The State Compensation Fund urges that the statutes impose no sanction upon the failure to accept or deny the claim within 14 days. With this contention we cannot agree. It is our opinion that A.R.S. § 23–1062, subsec. B states in unambiguous language that when a claim is not denied within the 14 days after notice to the carrier the first installment of compensation is due, and it is due every two weeks thereafter until an administrative adjudication on the merits is made.

In our opinion this interpretation of the statutes and rules is not in conflict with that line of cases which holds that the burden of proof is upon the petitioner to show

that he is disabled as the result of an industrial accident arising out of and in the course and scope of his employment. The purpose of § 23–1061, subsec. I and § 23–1062, subsec. B is to assure that the petitioner either receives compensation promptly when it is needed by him, or be advised that his claim is denied so that he can set in motion the machinery for proving his claim promptly, again so that if compensation is due him he will receive it when he needs it.

■ The Commission argues that it lacks jurisdiction to make an "award" at this stage of the proceedings. This argument overlooks the fact that the 1969 revision, A.R.S. § 23–1061, subsec. G, obviates the necessity of an award to start the compensation process.

■ This brings us to the second question presented by the appeal, whether the award of the Commission is reasonably supported by the evidence. Our function is not to try the case anew, but merely to determine whether the evidence before the Commission is sufficient to reasonably support its decision. Nelson v. Industrial Commission, 2 Ariz.App. 403, 409 P.2d 562 (1966); Andreason v. Industrial Commission, 6 Ariz.App. 434, 433 P.2d 287 (1967). In certiorari proceedings to review an award of the Industrial Commission the evidence adduced will be considered in the light most favorable to sustaining the award. Esmeier v. Industrial Commission, 10 Ariz.App. 435, 459 P.2d 523 (1969).

■ We have reviewed the record in the instant case, and find that the award of the Commission is reasonably supported by the evidence in that the petitioner failed to sustain his burden of proof. However, since we are of the opinion that the petitioner is entitled to temporary disability compensation for the period from the accident to the date of the award due to the

carrier's failure to timely deny the claim, the award is set aside.

STEVENS, P. J., concurs.

HAIRE, Judge (dissenting):

I agree with the majority's conclusions that the award of the Commission was reasonably supported by the evidence. However, I cannot agree with their conclusions that because of the failure of the State Compensation Fund to file a notice of claim status within 14 days after the Commission had notified the Fund of the filing by an employee of a notice of accident, the Fund must pay compensation for the employee's alleged disability until the entry of an award by the Commission, even though that award held that the employee had not suffered an injury arising out of and in the course of his employment.

If we assume that A.R.S. § 23–1061, subsec. I [1] and § 23–1062, subsec. B contemplate that the State Compensation Fund will either commence payment of compensation or file a written denial of the claim within 14 days after receiving notice of the accident from the Commission, there is no statutory penalty provided for the inadvertent or purposeful violation of these provisions, other than possibly the criminal sanctions imposed by A.R.S. § 23–932. However, the legislature has not left the claimant remediless in such situations, but rather through the provisions of A.R.S. § 23–941 has provided the claimant with ready access to the Commission for a quick hearing if he feels that his rights under the act have been violated by the Fund. It appears to me that the purpose of the legislature in enacting the 14 day provision was to allow a relatively short period within which the Fund must pay compensation or face possible petition by the claimant to the Commission for hearing.

In my opinion if the legislature had intended the severe consequences which are

1. A careful reading of A.R.S. § 23–1061, subsec. I shows that, taken literally, the "fourteen days" language in that statute refers only to the petition to reopen and not to the "Notice of Accident" referable to the original injury.

imposed by the majority opinion, it would have enacted appropriate language to that effect. See, for example, A.R.S. § 23–1061, subsec. A. Prior to the time of the adoption of A.R.S. § 23–1061, subsec. I and § 23–1062, subsec. B in their present form, this Court had rendered its opinion in Bailey v. Industrial Commission, 2 Ariz.App. 518, 410 P.2d 140 (1966). That decision held that notwithstanding the definitely stated penalty provisions of Industrial Commission Rules 50, 51 and 52[2] the Industrial Commission could waive these procedural provisions in its rules and proceed to consider the claim on its merits, even though there had been a failure by the insurance carrier to file written notice of denial of the claim within the 14 day period required by the rules. In view of the failure of the legislature to insert statutory penalties when it thereafter amended §§ 23–1061, subsec. I and 23–1062, subsec. B, it appears logical to infer legislative acquiescence in the Bailey approach.

Even if I could find statutory justification for the imposition of some penalty for the State Compensation Fund's failure to deny this claim within 14 days, I see no logic in the penalty legislated in the majority opinion. If we assume, as the majority holds, that the failure to communicate denial within 14 days requires the payment of compensation, then we are faced with the question of how long must this compensation continue. As I see it, logically we have two alternatives. *First,* we could overrule Bailey v. Industrial Commission, *supra,* and hold that because of Rule 52, the failure to timely deny is absolute, and that thereafter for all purposes the fact that the injury was by accident arising out of and in the course of employment would be conclusively presumed, leaving only the question of extent of disability for determination, or *second,* assuming that the purpose of the requirement of timely denial is to enable the claimant to expeditiously initiate proceedings before the Commission to determine the questions involved, we could hold that the claimant was entitled to receive his compensation until such time as he is advised that the State Compensation Fund denies liability. To me, this second approach appears more logical since it puts the claimant back into the position he would have been in if the Fund had timely denied liability. (I leave for determination at the time the question might be presented to us the problem of *actual* prejudice resulting from failure of a carrier to timely deny liability).

I cannot see any logical basis for holding that the Fund must pay compensation until such time as the Commission gets around to entering an award. The mere fact that the Fund might be one or several days late in filing a denial of a claim should not subject it to liability for several months' compensation on a claim which is later determined to be non-industrial, especially in the absence of a clearly stated legislative mandate to that effect.

I would affirm the award.

---

2. These rules are quoted in full in the majority opinion.