[Civil No. 2950. Filed October 3, 1930.]

[291 Pac. 1003.]

COMMERCIAL CREDIT COMPANY, a Corporation, Appellant, v. F. M. STREET, Appellee.

Mr. Lawrence L. Howe, for Appellant.

Mr. Albert D. Leyhe, for Appellee.

ROSS, J.—This case was before this court once before. *Street* v. *Commercial Credit Co.,* 35 Ariz. 479, 67 A. L. R. 1549, 281 Pac. 46. It was very carefully considered. The material facts being set out in the opinion will not be repeated. Suffice it to say that the issues and facts in the two trials are not materially different.

Upon the first trial the lower court instructed a verdict for the defendant, Commercial Credit Company. The questions presented on that appeal were (1) whether, under the Uniform Conditional Sales Act (chapter 40, Laws 1919, now chapter 67, Revised Code

of 1928 [sections 2889–2908]), the buyer of an automobile who had defaulted in one of the stipulated installments could, by timely paying or tendering to the seller, or assignee, the delinquent installment, with interest and all expenses of keeping and storage, lawfully demand from the seller, or his assignee who had taken peaceable possession against the buyer's will, a redelivery of the automobile, notwithstanding the contract contained a clause accelerating all installments for such a default; (2) the sufficiency of the tender of the delinquent installment; and (3) whether the buyer by temporarily removing the automobile from Maricopa county had forfeited her contract. This court answered the first proposition in the affirmative, held the tender good, upon the admission of the defendant, and that the removal from the filing district did not amount to a breach of the buyer's contract, but that, if it did, its voluntary return, together with the tender of delinquent installments as required by section 18 of the Uniform Conditional Sales Act (Rev. Code 1928, § 2902), reinstated 'the contract. The judgment was reversed, and a new trial ordered "in accordance with the principles above set forth."

Upon the retrial, "the principles above"! were observed by the court in its rulings and instructions to the jury. The jury returned a verdict for the plaintiff, whereupon judgment was duly entered.

The defendant appeals from the ·judgment and assigns eight errors, seven of which involve, directly or indirectly, the correctness of the rulings of this court upon the former appeal. Those rulings, however, were made upon substantially the same facts and legal contentions as were presented in the second trial, and under the decisions became the law of the case. The law, as stated in 4 Corpus Juris, 1093, section 3075, fortified by numerous cases, among them four from Arizona, is:

"It is a rule of general application that the decision of an appellate court in a case is the law of that case on the points presented throughout all the subsequent proceedings in the case in both the trial and the appellate courts, and no question necessarily involved and decided on that appeal will be considered on a second appeal or writ of error in the same case, provided the facts and issues are substantially the same as those on which the first decision rested, and, according to some authorities, provided the decision is on the merits. This doctrine is not one whose extension is looked upon with favor, and it is adhered to in the single case in which it arises and is not carried into other cases as a precedent."

The cause of action alleged in the complaint, upon which both trials were had, is technically one for conversion, although no contention was made before the trial court or this court upon the first trial that the facts proved did not sustain the allegations of the complaint. Upon the second trial, and at its close, for the first time the defendant requested an instruction to the effect that it was incumbent upon plaintiff to prove by a preponderance of the evidence that at the time defendant repossessed the automobile plaintiff was its legal owner, legally entitled to its possession, and that defendant unlawfully repossessed it. The court refused to give this requested instruction, and the ruling is assigned as error. We think the ruling was right.

Because of the remedy provided by the Uniform Conditional Sales Act for the buyer when his rights as therein prescribed have been denied him or have been abused by the seller, it does not seem necessary for us to decide whether the technical action of conversion will lie or not. If the complaint, even though it be for conversion, alleges the necessary facts to entitle plaintiff to the relief provided by such act, or if facts omitted are supplied by the method of trial, we are of the opinion it should be treated as

stating a good cause of action thereunder, especially so where, as in this case, it has not been objected to by demurrer or otherwise. Section 2904, Revised Code of 1928 (Conditional Sales Act), states the remedies of the seller, which of course includes his assignee, and section 2905 states the remedies of the buyer, in case either feels aggrieved by reason of the conduct of the other. The last-named section reads as follows:

"If the seller fails to comply with the provisions for redemption and resale, after retaking the goods, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest."

Section 2902 provides for redemption by the buyer, and section 2903 states that, if the buyer does not redeem, within the time and in the manner provided, the seller may dispose of the property by a resale.

The plaintiff, seasonably after the retaking of the automobile by defendant, tendered to defendant the amount of the delinquent installment, with interest and all expense of retaking, keeping and storage, and, as held in our former opinion, was entitled "to take possession of them [automobile] and to continue in the performance of the contract as if no default had occurred." Section 2902. It is clear, therefore, that defendant failed to comply with the provisions of the statute for redemption and resale after retaking of the automobile. Defendant should have accepted from the plaintiff the redemption money tendered and surrendered possession of the automobile to the plaintiff. Failing to do this, the plaintiff was entitled to recover from the defendant "his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest." Section 2905.

Now, as to the sufficiency of the complaint, there is no allegation therein showing the default in the payment of installment by plaintiff, a retaking of the automobile by defendant on that account, or the offer to redeem and its refusal by defendant, but evidence that all of these things happened was introduced without objection. Indeed, we are impressed the trial largely revolved around the question of plaintiff's right to redeem after default and the amount and character of the tender. Since the trial was had as though these facts appeared as allegations of the complaint, the complaint should be regarded and treated as amended to contain them. 4 C. J. 749, § 2683, and § 3191, at p. 1169. Otherwise the complaint contained all the essential allegations of a cause of action under section 2905 of the Conditional Sales Act.

Finding no error, the judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.