467 P.2d 247

Phyllis Jean THOMAS, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Tucson Big Boy, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 310.

Court of Appeals of Arizona, Division 1, Department A.

April 7, 1970.

Lawrence Ollason, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission.

Robert K. Park, Chief Counsel, by DeeDee Samet, Phoenix, for respondent, State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission issued on June 2, 1969, finding that the petitioner's claim was noncompensable.[1]

The petitioner filed a workmen's compensation claim on February 26, 1968, alleging that she had suffered an injury by accident arising out of her employment on January 18, 1967, which had been promptly reported to the manager. She stated she was going through a swinging door while carrying pies in her hand, when she "caught the door right" and had pain in her back down into her legs which continued for a few minutes. She contends that she did not have symptoms arising out of this accidental injury until the summer of 1967 and that these did not become severe until late fall of 1967. In February of 1968 she first saw Dr. George V. Aguilar and he, after taking a history, told the petitioner that there was a direct correlation between the accidental injury and the present complaints.

The Commission contends that petitioner's claim of injury was untimely filed. We do not agree with this contention. A.R.S. § 23–1061 subsec. D (see footnote 1) read as follows:

"No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred *or the right thereto accrued.*" (Emphasis supplied)

It has been held that the phrase "right thereto accrued" means when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should have known that he had sustained a compensable injury. Mofford v. Industrial Commission, 8 Ariz.App. 87, 443 P.2d 449 (1968). If, as contended by petitioner, her symptoms which became manifest to her in late summer and fall of 1967, and which were related to her injury by her attending physician, were true, the claim would be timely filed. However, in the instant case, there is testimony by the consulting neurological surgeon, Dr. Jamie Vargas, giving his opinion that her symptoms were merely coincidental and did not relate to her industrial accident. The burden of proof is upon the petitioner to show affirmatively by the evidence, not only that the injury might have produced the disability, but that it did in fact produce it. Wheeler v. Industrial Commission, 94 Ariz. 199, 382 P.2d 675 (1963); Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967). When the results of an industrial accident are not clearly apparent to the layman, the causal relationship between the accident and the petitioner's physical condition must be determined by expert testimony. *Bedel,* supra. When the Industrial Commission has before it conflicting medical testimony, it has the problem of

---

1. This case was decided under the law as it existed prior to January 1, 1969.

resolving the conflict. This Court may not substitute its opinion as to which of the doctors is more probably correct. We are bound by the conclusions of the Industrial Commission in this respect. Hannon v. Industrial Commission, 9 Ariz.App. 231, 451 P.2d 44 (1969).

█ There was substantial evidence to sustain the findings and award of the Industrial Commission.

Affirmed.

STEVENS and CAMERON, JJ., concur.