510 P.2d 52

**Fred H. NEITMAN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**University of Arizona, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 784.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 29, 1973.

Davis & Eppstein, by Dale D. Tretschok, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix, by George B. Morse, Tucson, for respondent employer and respondent carrier.

HAIRE, Judge.

The only question raised on this review of an award entered by the Industrial Commission is the extent of the benefits which a carrier who has filed a late Notice of Claim Status must pay to a workman without a compensable claim. Based upon its interpretation of the decision rendered by Department A of this Court in Kasprowiz v. Industrial Commission, 14 Ariz. App. 75, 480 P.2d 992 (1971), the Commission awarded compensation benefits to the petitioning workman for a period commencing January 8, 1971 (the date the workman first filed his petition to reopen) and extending to February 10, 1971 (the date the carrier, the State Compensation Fund, belatedly filed its Notice of Claim Status denying the reopening).

On January 12, 1971 the Commission first notified the carrier of the filing of the Petition to Reopen. Under the then existing provisions of A.R.S. § 23–1061, subsec. I the carrier had fourteen days thereafter within which to file a Notice of Claim Status denying or accepting the petition. As indicated above, the Notice of Claim Status was not filed until February 10, 1971. This was fifteen days late. Subsequent proceedings before the Commission's hearing officer resulted in the entry of an award on November 30, 1971, which denied any reopening, but ordered the payment of "Kasprowiz benefits" for the period set forth above.

On this review the petitioning workman contends that the hearing officer erred in cutting off the Kasprowiz penalty benefits as of the date the carrier filed its Notice of Claim Status. He claims that he should have received an award which would have extended these penalty benefits until the hearing officer entered his decision on November 30, 1971, an additional nine and one-half months. In response, the carrier, in a somewhat inconsistent brief, basically urges two positions:

(1) That because of the fact that a Petition to Reopen rather than an original claim is involved, and because of cer-

tain Industrial Commission rule changes which have occurred since Kasprowiz, that decision is inapplicable here; and,

(2) That in any event Kasprowiz erroneously states the law and should not be followed.

■ As to the first argument raised by the carrier, we note that it was not raised in the proceedings before the hearing officer or the Commission. Furthermore, the carrier did not file a cross-petition for review of the Commission's award. If we adopted the carrier's first contention we would be granting affirmative relief to the carrier by setting aside the hearing officer's award and holding that the petitioner was not entitled to any benefits whatever. This we cannot do in the absence of a cross-petition. Santanello v. Cooper, 106 Ariz. 262, 475 P.2d 246 (1970). The carrier's second contention is also partly subject to the same infirmity. Insofar as it suggests that because Kasprowiz allegedly misstates the law, this Court should deny any benefits whatsoever to petitioner, the carrier is asking for relief not available in the absence of a cross-petition. However, to the extent that the carrier urges the erroneousness of Kasprowiz in an attempt to uphold the refusal of the hearing officer to award benefits for the period extending from the time the carrier filed its Notice of Claim Status to the time of the entry of the hearing officer's award, then that issue may be properly considered by this Court on this review. Santanello v. Cooper, *supra*.

The issues thus presented to the Court are limited to the following:

(1) Does Kasprowiz v. Industrial Commission, *supra*, purport to require the payment of compensation benefits for the additional period extending from the date the carrier filed its Notice of Claim Status to the date of the issuance of the hearing officer's award; and,

(2) If so, is Kasprowiz erroneous in imposing such a requirement.

The first issue has been thoroughly considered and decided in this Court's decision in the second review in Kasprowiz, filed contemporaneously herewith. (*See* Kasprowicz v. Industrial Commission, 20 Ariz. App. 116, 510 P.2d 427, filed May 29, 1973). In that decision we held that the first opinion in Kasprowiz unambiguously required the payment of benefits for a period extending *to* the time of the issuance of the Commission's award, and that Kasprowiz benefits could not be terminated on the date of the carrier's belated filing of the Notice of Claim Status. However, in the second Kasprowiz decision we were solely concerned with applying the doctrine of "the law of the case" and thus did not reach the second issue stated above.

We now consider that second issue. The question is whether that part of the initial Kasprowiz decision which awarded penalty compensation benefits beyond the time of the filing of the Notice of Claim Status by the carrier constituted an erroneous interpretation of the statutes governing the payment of workmen's compensation benefits which should not be followed by this Court. As stated above, because of the failure of the State Compensation Fund to file a cross-petition, we will not consider the correctness or incorrectness of the initial premise of Kasprowiz, that is, the propriety of the hearing officer's award of penalty compensation benefits for the period prior to the belated filing of the Notice of Claim Status by the carrier.

After reviewing the matter, it is our opinion that Kasprowiz incorrectly interpreted the law, and we therefore decline to apply it here. We thus hold that the hearing officer did not commit error by refusing to award penalty compensation benefits for the period subsequent to the time the carrier filed its Notice of Claim Status. Our reasons are stated by this writer's dissent in the first Kasprowiz decision, *supra*. The dissent was essentially two-pronged:

(1) That the workmen's compensation statutes did not provide for the penalty compensation benefits imposed by the majority; and,

(2) Bearing directly on the issue here involved, assuming statutory authority for the imposition of penalty compensation benefits,.there was no statutory authority, logic or reason, to extend the penalty compensation benefits beyond the time when the carrier had done what the statute required 'it to do—file its Notice of Claim Status notifying the claimant of the determination made as to the claim.

The majority in Kasprowiz gave no explanation whatever for extending the payment of penalty benefits to the period between the date of the filing of the carrier's Notice of Claim Status and the date of the issuance of a Commission award. The adoption of such a rule could lead to inordinate penalties against a carrier only a day or two late in investigating the facts and making its determination as to coverage under the workman's claim. The length of the period which might expire between the time that the carrier filed its Notice of Claim Status and the time of the hearing before the Commission's hearing officer and his even later issuance of an award is not exclusively within the control of the carrier so as to give logical reason for extending the penalty compensation benefits to include this period. For example, the claimant could readily extend the period for several months by taking the full sixty days to file a request for hearing relating to the late filed Notice of Claim Status. The work load in the hearing officer division of the Commission may occasion further delay in the setting of the matter for hearing. After hearing, even with the most conscientious hearing officer, there could be substantial additional delay prior to the actual issuance of an award, when the issues are complex or the decision difficult.

■ For the foregoing reasons, and for the additional reasons set forth in the dissent in the first Kasprowiz decision, we are of the opinion that penalties of the·nature and duration initiated by the majority in Kasprowiz should not be imposed without clear legislative direction and sanction, and we therefore decline to apply Kasprowiz in this case.

Fortunately for the future stability of the law in this area, the legislature has apparently recognized the difficulties created by the Kasprowiz decision, and has enacted legislation, effective August 8, 1973, which for the first time establishes a statutory penalty to be imposed against the late-filing carrier, and also terminates the penalty at the time the carrier files its Notice of Claim Status. The newly enacted statutory provision reads as follows:

"M. IF THE INSURANCE CARRIER OR SELF-INSURER DOES NOT ISSUE A NOTICE OF CLAIM STATUS DENYING THE CLAIM WITHIN TWENTY-ONE DAYS FROM THE DATE THE CARRIER IS NOTIFIED BY THE COMMISSION OF A CLAIM OR OF A PETITION TO REOPEN, THE CARRIER SHALL PAY IMMEDIATELY, COMPENSATION FROM THE DATE THE CARRIER IS NOTIFIED BY THE COMMISSION OF A CLAIM OR PETITION TO REOPEN UNTIL THE DATE UPON WHICH THE CARRIER ISSUES A NOTICE OF CLAIM STATUS DENYING SUCH CLAIM. AS USED IN THIS SUBSECTION, 'COMPENSATION PAYABLE' INCLUDES MEDICAL, SURGICAL AND HOSPITAL BENEFITS. THIS SECTION SHALL NOT APPLY TO CASES INVOLVING SEVEN DAYS OR LESS OF TIME LOST FROM WORK." (A.R.S. § 23–1061, subsec. M, as amended Laws 1973, Chap. 133, § 30).

For the above stated reasons, we are of the opinion that the award issued by the Commission's hearing officer must be affirmed.

JACOBSON, Chief Judge, Division 1 and EUBANK, P. J., concur.