510 P.2d 427

**Lude L. KASPROWIZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Trevizos Truck Tractor, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 751.**

Court of Appeals of Arizona, Division 1, Department B. May 29, 1973.

Langerman, Begam & Lewis, P. A., by Michael J. O'Melia, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Ariz.

Robert K. Park, Chief Counsel, State Compensation Fund, by Harlan J. Cross-

man and J. Victor Stoffa, Phoenix, for respondent employer and respondent carrier.

HAIRE, Judge.

In the first appellate review of the Industrial Commission's award entered in this matter, Department A of this Court construed the provisions of A.R.S. §§ 23–1061, subsec. I and 23–1062, subsec. B and held that because of the failure of the State Compensation Fund to file a Notice of Claim Status within fourteen days after the Commission had notified the Fund of the filing by the petitioning employee of a notice of the alleged accident, the Fund was required to pay compensation benefits to the employee for his alleged industrial injury until the entry of an award by the Commission, even though the Commission's award held that the employee had not suffered an injury arising out of and in the course of his employment. Inasmuch as the Commission had failed to award any benefits to the petitioning employee, the prior award was set aside.[1]

Subsequently, after remand and without any additional evidence being presented, proceedings before the Commission resulted in a new decision awarding to the petitioner loss of earning capacity benefits and medical benefits from March 3, 1969, the date of his alleged accident, through June 4, 1969, the date when the Fund first issued its Notice of Claim Status denying compensation. Both the employee and the Fund have requested that the Court review this later award, each contending that the Commission has failed to apply the law of the case as set forth in the Court's prior opinion.

The employee contends that a proper interpretation of the Court's opinion requires that the Commission award him both medical and earning capacity disability benefits *through October 16, 1969, the date of the original award,* rather than cutting off all benefits *on June 4, 1969, the date of the Fund's belated issuance of its Notice of Claim Status.* On the other hand, the

---

1. *See* Kasprowiz v. Industrial Commission, 14 Ariz.App. 75, 480 P.2d 992 (1971).

Fund contends that the Commission erred in awarding *any medical benefits whatsoever,* and that in any event the Commission properly held that all benefits terminated on June 4, 1969 when the Notice of Claim Status was eventually filed.

Considering first the question raised concerning the cut-off date for benefits, the prior opinion clearly requires the payment of benefits to the date of the Commission's first award, October 16, 1969. The majority opinion is unambiguous on this point, and one of the principal issues raised in the dissent to that opinion was this writer's disagreement with the fact that the penalty imposed in the majority opinion was to run until the date of the Commission's award rather than only to the date of the filing of the Notice of Claim Status by the carrier.

Turning now to the question of whether the Fund must pay medical benefits as well as earning capacity disability benefits during the period involved, it is our opinion that it must do so. While the prior opinion is not as clear as it might be on this point, a review of the original briefs indicates that a substantial concern of the petitioner was that compensation benefits be awarded for over fifty trips made to his doctor relating to his alleged industrial injury. There is no indication in the opinion that the Court intended to differentiate in its use of the term "compensation" between medical benefits and earning capacity disability benefits,[2] and in fact it would be rather anomalous to award the one without the other. The Fund contends that it is difficult to construe the statutes so as to require the payment of such benefits. However, our task in this review is not to reconsider, approve, or disapprove the decision previously rendered in the first appellate review of this matter. That decision, right or wrong, has been rendered and has has become final. Inasmuch as no new evidence has been received and considered, it constitutes the law of the case. King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294 (1932); Ocean Accident & Guarantee Corp., Ltd. v. Industrial Commission, 34 Ariz. 175, 269 P. 77 (1928).

The Commission should have awarded both medical and earning capacity disability benefits for the period extending from March 3, 1969 through October 16, 1969.

The award is set aside.

JACOBSON, Chief Judge, Division 1, and OGG, J., concur.

2. *See* A.R.S. § 23–901, subsec. 3; Stout v. Industrial Commission, 12 Ariz.App. 211, 469 P. 2d 103 (1970).