530 P.2d 370

**Charles R. HAZELTON, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Valley Dodge, Inc., Respondent Employer,**

**Employers Mutual Liability Insurance Company of Wisconsin, Respondent Carrier.**

**No. 1 CA–IC 1042.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 9, 1975.

Rehearing Denied Feb. 18, 1975.

Review Denied March 25, 1975.

---

3. Appellee concedes this point.

See also, 17 Ariz.App. 516, 498 P.2d 590.

Harlan J. Crossman, Phoenix, for petitioner.

Edward F. Cummberford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, Phoenix, for respondent employer and respondent carrier.

### OPINION

STEVENS, Judge.

The basic issues relate to the proper application of two legal principles, namely, a trial de novo and the law of the case.

Charles R. Hazelton, the petitioner, received an industrially related back injury on 9 September 1969. A claim was filed and it was accepted for compensation. Prior to the closing of the claim and on both 25 and 27 July 1970 the petitioner sustained further back injuries, neither of which was industrially related. All three injuries were the subject of testimony prior to the entry of a 6 May 1971 award which was favorable to the petitioner. The award specified that the petitioner's condition had become stationary as of 19 October 1970. The carrier and the employer sought a review of the May 1971 award and on 13 July 1972 in an opinion entitled Employers Mutual Liability Insurance Company Of Wisconsin v. The Industrial Commission Of Arizona and Charles Hazelton (which opinion is hereinafter referred to as Hazelton No. 1), 17 Ariz.App. 516, 498 P.2d 590 (1972), the Court reviewed the evidence and set aside the award. We quote two key portions of the Hazelton No. 1 opinion. The Court stated the hearing officer's Finding No. 9 as follows:

"'9. That applicant has a 5% physical functional impairment as a combined result of the industrial injury of Septem-

ber 9, 1969, the two non-industrial injuries of July, 1970, and his chronic obesity.'" 17 Ariz.App. at 518, 498 P.2d at 592.

The Court discussed the medical evidence and concluded in its opinion as follows:

"Since the testifying physicians could neither say to a degree of medical probability that Hazelton's resulting disability was caused by the September, 1969, injury, rather than by the injuries occurring in July, 1970, nor could they apportion the disability with any degree of certainty, we hold that respondent has failed to carry his burden of proof, and therefore, the award of the Industrial Commission, placing the liability for the respondent's present disability upon petitioners is patently contrary to our workmen's compensation law." 17 Ariz.App. at 519–520, 498 P.2d at 593–594.

After the issuance of the mandate in Hazelton No. 1 a hearing was conducted and evidence was taken on 4 May 1973, 11 June 1973 and 22 June 1973.[1] In the 1973 hearing the hearing officer made it clear that the hearing was being conducted as a de novo matter. The petitioner was questioned as to his industrial and as to his nonindustrial accidents and medical testimony was received, including examinations and opinions prior to the May 1971 award as well as examinations subsequent to the issuance of the mandate in Hazelton No. 1. The 1973 hearing conducted as a de novo hearing was the appropriate procedure.

"We believe the Court of Appeals properly disposed of these matters in holding that additional evidence could be presented and that this evidence along with the previous evidence could be considered at a trial de novo. We also believe the Court of Appeals was correct in holding that the finding that there was an industrial accident was not res judicata when the matter was heard again as a trial de novo." Rutledge v. Industrial Commission Of Arizona, 108 Ariz. 61, 63, 492 P.2d 1168, 1170 (1972).

"After an award has been set aside by an appellate court the claim is presented as a trial de novo and new evidence may be introduced. Rutledge v. Ind. Comm. of Arizona, 108 Ariz. 61, 492 P.2d 1168 (1972)." Garza v. The Industrial Commission Of Arizona, 17 Ariz.App. 525, 527, 498 P.2d 599, 601 (1972) supplemented on other grounds on denial of rehearing, 18 Ariz.App. 223, 501 P.2d 399. " * * * as this Court stated in the case of Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 114, 276 P.2d 534, 535: ' * * * When an award is set aside, it is the right and duty of the commission to reconsider all the issues of fact involved in the proceedings, including the taking of new evidence if available. In other words, there must be a trial de novo. * * *.' " Walker v. Howard P. Foley Company, 90 Ariz. 337, 341, 367 P.2d 795, 797 (1961).

"By the provision of section 56–972, A. C.A.1939, the limit of this court's power is to either affirm or set aside the award. Paramount Pictures, Inc., v. Industrial Comission, 56 Ariz. 352, 106 P.2d 1024. When an award is set aside, it is the right and duty of the commission to reconsider all the issues of fact involved in the proceedings, including the taking of new evidence if available. In other words there must be a trial de novo. King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294. A trial de novo means a second trial in the same manner. Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215. Certainly a trial de novo does not mean an ex parte informal hearing, without the opportunity for rehearing if requested. All interested parties are entitled to an opportunity for a hearing." Schnatzmeyer v. The Industrial Commission Of The State Of Arizona, 78 Ariz. 112, 114, 276 P.2d 534, 535 (1954).

Let us now comment on the principle as to the law of the case.

In Kasprowitz v. The Industrial Commission Of Arizona, 14 Ariz.App. 75, 480

---

1. In the meantime the petitioner filed a petition to reopen, the denial whereof became final and we do not here concern ourselves with that proceeding.

P.2d 992 (1971), based upon undisputed facts which could not be changed, namely the date of the claim, the date of the first notice of claim status, and the date of the first award, the majority ruled that as a matter of law a certain legal consequence resulted therefrom. When the same claim came before this Court a second time, by a unanimous decision in Kasprowitz v. The Industrial Commission Of Arizona, 20 Ariz.App. 116, 510 P.2d 427 (1973), the Court held:

> "That decision (the first Kasprowitz opinion heretofore cited) right or wrong, has been rendered and has become final. Inasmuch as no new evidence was received and considered, it constitutes the law of the case. King v. Alabam's Freight Co., 40 Ariz. 363, 12 P.2d 294 (1932); Ocean Accident & Guarantee Corp. Ltd. v. Industrial Commission, 34 Ariz. 175, 269 P. 77 (1928)." 20 Ariz. App. at 118, 510 P.2d at 429.

■ On the same date, by a unanimous decision, this Court in Neitman v. The Industrial Commission Of Arizona, 20 Ariz. App. 53, 510 P.2d 52 (1973), expressly disapproved the legal conclusion expressed in the first cited Kasprowitz decision.[2] In our opinion these cases make it crystal clear that where on the vacating of an award and a trial de novo the facts are undisputed and only one inference can be drawn therefrom, the doctrine of "the law of the case" applies, but where the evidence is different or can support different conclusions, the doctrine of "the law of the case" does not apply.

■ We quote several paragraphs of the hearing officer's findings which were entered at the conclusion of the 1973 hearings and which were approved by the Commission by the entry of the award now under consideration.

> "5. That applicant was released to light work on December 8, 1969; that appli-

cant's condition became medically stationary, requiring no further treatment, on October 19, 1970.

> \* \* \* \* \* \*

> "8. That the only issue now before this Commission is whether the applicant has sustained permanent disability as a result of the industrial injury of September 9, 1969.

> "9. When an Award of the Commission has been set aside on appeal, the parties are entitled to a hearing de novo wherein additional evidence may be presented and this evidence, together with the previous evidence, may be considered. Rutledge v. Industrial Commission of Arizona, 108 Ariz. 61, 492 P.2d 1168; when the court exercising judicial review sets aside an Award, the legal effect is as though the vacated Award had never been entered. At an Industrial Commission hearing following a court opinion the matter is not re-heard and re-determined as of the date of the vacated Award but is re-heard and re-determined as of the date of the hearing. Bedwell v. Industrial Commission of Arizona, 8 Ariz.App. 244, 445 P.2d 446; that notwithstanding the de novo proceedings, the lower tribunal, i. e., The Industrial Commission is bound by the 'law of the case' as previously determined by the Appellate Court. King v. Alabama Freight Company, 40 Ariz. 363, 12 P.2d 294; Ocean Accident and Guarantee Corp. v. Industrial Commission of Arizona, 34 Ariz. 175, 269 P.2d 77."

In findings numbers 10, 11 and 12 the hearing officer discussed the testimony of Sidney L. Stovall, M.D., John J. Kelley, M.D.[3] and Leo L. Tuveson, M.D. The findings recited:

> "13. That in considering the medical testimony of Dr. Stovall and Dr. Kelley, it is this Hearing Officer's conclusion the substance of their testimony is not

---

2. In Neitman the Court also recognized that the Legislature changed the law in a manner so as to make the first Kasprowitz opinion not applicable to similar situations occurring after the legislative change.

3. The same doctor is referred to as Dr. John K. Kelly in Hazelton No. 1.

significantly different than heretofore presented at prior hearings and already considered by the Court of Appeals; that the findings of this Hearing Officer and the Commission relative thereto and by its ultimate decision, rejected the same (see Hearing Officer's Award dated March 12, 1971. Industrial Commission's Decision Upon Review Affirming Decision Upon Hearing and Findings and Award for Unscheduled Permanent Partial Disability and Order Pending Determination of Earning Capacity entered on May 6, 1971; opinion of Court of Appeals July 13, 1972). That in the premises, it has heretofore been established by the Court of Appeals in Employers Mutual Liability Insurance Company of Wisconsin v. Industrial Commission of Arizona and *Charles Hazelton,* supra, that a permanent disability was not established and since the additional evidence presented following said decision is not ' . . . so different that a different rule of law is a proper one to apply . . .' (King v. Alabama Freight Co., supra,) this Commission is bound by the 'law of the case'; that applicant has failed to carry his burden of proof. Thomas v. Industrial Commission of Arizona, 12 Ariz.App. 23, 467 P.2d 247; In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985.

"14. That the evidence establishes and this Hearing Officer so finds that the applicant has sustained no permanent disability as a result of the industrial injury of September 9, 1969."

As before indicated the 1973 hearing was properly conducted as a de novo hearing. Evidence in relation to the claim was presented anew. From our review of the evidence the hearing officer was in a position to make a finding that as of the time of the hearing the petitioner had a percentage disability of the whole man causally related to the September 1969 industrial accident or that the petitioner's 1973 disabilities, if any, bore no causal relationship to the 1969 industrial accident. The critical finding appears to be finding number 13 wherein the hearing officer stated that under the evidence the law of the case applies citing King v. Alabam's Freight Company, 40 Ariz. 363, 12 P.2d 294 (1932). In King the Supreme Court stated:

"When in any opinion we state and apply a rule of law, it is always predicated on the facts shown by the record *as it then exists.* If on a new trial of facts are shown to be so different that a different rule of law is the proper one to apply, it would be absurd to hold the principles of *res adjudicata* require the trial court to follow rules which we have applied only to the facts as shown by the previous record." (Emphasis original) 40 Ariz. at 370, 12 P.2d at 296.

As we review the record, Hazelton No. 1 *did not hold* that as a matter of law the petitioner had no residual disability industrially related to the 1969 accident. It only held that the testimony which the Court then reviewed was not sufficient to establish how much, if any, of the physical residual disability was causally related to the 1969 accident and that there could therefore be no apportionment. Nor did Hazelton No. 1 establish, as the petitioner urges, that the law of the case requires a finding of the presence of some physical residual disability causally related to the 1969 industrial accident.

In view of the fact that finding number 14 appears to be based on the hearing officer's interpretation of the law of the case established in Hazelton No. 1 and not upon the evidence presented at the 1973 hearing together with an independent review of this entirely new evidentiary hearing, we find it necessary to set aside the award.

In view of the fact that we set aside the award, we find it appropriate to comment on finding number 10 which we quote.

"At the hearing held April 6, 1973 Sidney L. Stovall, M.D. testified (Dr. Stovall had previously testified at the hearing held December 7, 1970); Dr. Stovall last examined the applicant on October 23, 1970. Accordingly, Dr. Stovall's opinion

would not be pertinent to the determination of applicant's condition as of the date of said hearing. Bedwell v. Industrial Commission of Arizona, supra."

The evidence disclosed and the hearing officer found that the petitioner's condition became stationary on 19 October 1970. Doctor Stovall last examined the petitioner on 23 October 1970. We do not agree that the doctor's "opinion would not be pertinent" even though the petitioner's condition was being viewed as of 1973. From the evidence it appears that there has been no substantial change since his condition became stationary in 1970 and the inquiry was being directed to a residual disability, if any, and the causal relationship to the industrial accident. In our view the evidence was "pertinent." The weight of the evidence, of course, is for the hearing officer and the Commission.

The award is set aside.[4]

OGG, P. J., and DONOFRIO, J., concur.

---

4. It appears to this Court that it is an economic waste to require another de novo hearing and this Court regrets that it is not empowered to authorize the hearing officer, in his good judgment, to again review the evidence and to decide the presence or absence of a causally related permanent disability and if such be present the percentage thereof. The law is not so written.