565 P.2d 1300

# EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Petitioner Carrier,

## Valley Dodge, Inc., Petitioner Employer,

v.

## The INDUSTRIAL COMMISSION of Arizona, Respondent,

### Charles R. Hazelton, Respondent Employee.

No. 1 CA-IC 1467.

Court of Appeals of Arizona, Division 1, Department C.

April 5, 1977.

Rehearing Denied May 24, 1977.

Review Denied June 15, 1977.

Lewis & Roca by Merton E. Marks, James B. Long, Phoenix, for petitioners carrier and employer.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Harlan J. Crossman, Phoenix, for respondent employee.

JACOBSON, Presiding Judge.

This case is yet another episode in the continuing saga of the workmen's compensation claim of Charles R. Hazelton, respondent employee, which has been submitted to this court for decision on two previous occasions. The historical background of the present matter is fully set forth in the first Court of Appeals decision, *Employers Mutual Liability Ins. Co. of Wisconsin v. Industrial Commission*, 17 Ariz.App. 516, 498 P.2d 590 (1972) [hereinafter *Hazelton I*] and elaborated upon in the second appeal, *Hazelton v. Industrial Commission*, 23 Ariz. App. 13, 530 P.2d 370 (1975) [hereinafter *Hazelton II*].

The central issue on the present appeal is whether the decision of the first appeal is determinative as the "law of the case" to be applied in subsequent hearings *de novo* and appeals when the evidence presented in the hearings following the setting aside of the original award is substantially the same as that presented in the initial hearing. In short, is the hearing officer's interpretation of *Hazelton II* correct in that the Commission can make different inferences from the same facts even though this court in *Hazelton I* made a determination on substantially the same facts?

By way of brief introduction, the relevant factual background is as follows. Charles Hazelton, an automotive refrigeration mechanic, injured his back in September, 1969, while working underneath a vehicle in the course of his employment with Valley Dodge, Inc., which was insured by Employers Mutual Liability Insurance Company of Wisconsin (Employers Mutual). Following the September, 1969, injury, a claim for workman's compensation benefits was filed and accepted by the carrier, Employers Mutual. Prior to the closing of the claim, on July 25, and 27, 1970, Hazelton sustained further back injuries, neither of which were industrially related. In August, 1970, the carrier terminated all benefits on the basis that Hazelton's then current condition was unrelated to the industrial accident. Hearings were subsequently conducted and medical testimony was received. An award favorable to Hazelton was entered in May, 1971, specifying a stationary status as of October, 1970, and awarding an unscheduled permanent partial disability of five percent. Upon review of that decision, this court in *Hazelton I, supra* set aside the award. As a result, the Commission conducted *de novo* hearings during which evidence was presented. On June 22, 1973, the hearing officer issued an award which concluded that the respondent had not sustained permanent disability as a result of the September, 1969, injury. Subsequently, this award was set aside in *Hazelton II, supra.*

Following *Hazelton II,* the matter was remanded to the Industrial Commission and a three-phase hearing *de novo* was conducted. The hearing officer concluded that the evidence submitted was substantially the same as that considered in the two prior decisions, yet ruled that *Hazelton II* mandated the evidence be weighed and new inferences drawn from it. Accordingly, the hearing officer found the respondent employee to have sustained a five percent disability attributable to the September, 1969, injury. It is from this decision that the present appeal is taken.

 In focusing upon the central issue we note that the term "law of the case" denotes a principle that if an appellate court has ruled upon a legal question and remanded for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case. *See* Annot., 87 A.L.R.2d 271 (1963). For Arizona, this general rule has been recognized early in *Gila Valley, Globe and Northern Ry. Co. v. Lyon,* 9 Ariz. 218, 80 P. 337 (1905), *affirmed,* 203 U.S. 465, 27 S.Ct. 145, 51 L.Ed. 276 (1906). Although our ensuing decisional law has recognized and reaffirmed this general principle, the rule of "law of the case" has been refined and not applied abstractly to bind on remand lower courts and the Industrial Commission.

The refinement process of the general rule of "law of the case" is exemplified by *Commercial Credit Co. v. Street,* 37 Ariz. 204, 207, 291 P. 1003 (1930) which elaborated the general principle, yet conditioned application upon the proviso "provided the facts and issues [of the subsequent appeal] are substantially the same as those on which the first decision rested . . .." *Id.* at 207, 291 P. at 1004. Moreover, *Beliak v. Plants,* 93 Ariz. 266, 267, 379 P.2d 976, 977 (1973) further conditioned the applicability of the "law of the case" to instances "where the evidence on a second appeal is substantially the same . . .." *See also Sibley v. Jeffreys,* 81 Ariz. 272, 305 P.2d 427 (1956).

 Mindful of this existing framework, we turn to an examination of the procedure

of the instant case. The effect of setting aside an award of the Commission results in the Commission conducting hearings *de novo* wherein new evidence bearing on the issues of the case may be presented. *King v. Alabam's Freight Co.*, 40 Ariz. 363, 12 P.2d 294 (1932). If on the new hearing the *facts* are not shown to be different, then the conclusion is that the Commission must follow the law already applied to substantially identical facts. *Kasprowiz v. Industrial Commission*, 20 Ariz.App. 116, 510 P.2d 427 (1973); *Neitman v. Industrial Commission,* 20 Ariz.App. 53, 510 P.2d 52 (1973). Correspondingly, if different *evidence* is presented in the hearings *de novo*, then the factual matter should be evaluated against this new evidence and the law of the case might well not be applicable since its application is conditioned upon substantial identicality of facts, issues and evidence. The importance of eliciting different evidence which provides the basis for drawing different inferences thereupon was recently highlighted by this court in *Montgomery Ward and Co., Inc. v. Industrial Commission*, 27 Ariz.App. 765, 558 P.2d 960 (1976):

> "If on remand, no additional testimony is taken and reliance is had on past testimony or a readmission of the same testimony, then our prior disposition governs as the law of the case." *Id.* at 770, 558 P.2d at 965.

Accordingly, our task devolves into an examination and comparison of the documentary and testimonial evidence presented in the subsequent hearings *de novo* to determine if, in fact, the evidence is substantially the same as that presented in the initial hearing. If so, the decision of the first appeal [*Hazelton I*] is the law of the case and the legal issues cannot be determined differently on subsequent appeals.

In the initial hearing conducted December, 1970 and March 1971, Dr. Sidney Stovall, orthopedic surgeon, testified that the employee had a five percent general physical percentage of disability, yet was unable to state within reasonable medical probability that the symptoms of July, 1970 were an exacerbation of the original injury, rather than a new injury. In his testimony, Dr. John K. Kelley, neurological specialist, did not causally reference the percentage disability to any particular injury. Dr. W. A. Bishop, a board-certified orthopedic surgeon who participated in and co-authored the group consultation report, indicated a five percent permanent partial disability, but was unable to separate the effects of the original injury and the July symptoms, noting that there existed "equal probability that only residual disability that claimant has resulted from July, 1970, incident as well as from subject injury of 1969". Dr. Leo Tuveson, orthopedic surgeon, agreed with the group consultation report. Dr. James Alway's testimony was concerned with the impediment that claimant's weight presented to his recovery and did not address the question of permanent disability related to the subject industrial injury. Subsequently, the *Hazelton I, supra* court set the award aside, finding insufficient evidence to support an award for permanent disability. Moreover, the court found the medical testimony failed to apportion the disability between the original industrial accident and the subsequent non-industrial events, and thus the employer and his carrier would not be responsible for the entire resulting disability because the claimant failed to meet his burden of proof.

Upon remand, medical testimony was again received during hearings *de novo* conducted in late spring and early summer, 1973. Drs. Stovall and Kelley's testimony was identical to their earlier testimony in the initial hearing. Dr. Tuveson again agreed with the group consultation report and stated that he was "unable to find any evidence of any impairment of function which we attributed to that accident [original industrial episode]." Dr. Alway did not testify at the 1973 hearings.

The hearing officer concluded that the claimant had not sustained permanent disability as a result of the September, 1969 industrial injury, stating in reference to the medical testimony that "their testimony is not significantly different than heretofore presented at prior hearings."

In spite of this finding, the *Hazelton II* court concluded that because the hearing officer in a finding referred to "law of the case", the hearing officer did not, in fact, make this determination and again set aside the award.

Following the setting aside of the award in *Hazelton II*, the hearings directly relevant to the instant appeal were conducted. Dr. Stovall again indicated a five percent disability, yet was unable to apportion the disability, noting that the "two incidents [industrial and non-industrial] could have contributed to five percent permanent partial disability." Dr. Alway opined that the claimant did not have any permanent disability referable to the original incident and reiterated his belief that the claimant's weight was a pain-contributing factor. Dr. Tuveson testified that "no permanent medical disability due to the '69 accident" existed. Dr. Alan Yudell, neurologist, testified for the first occasion in this claim and concluded he was "unable to state within reasonable medical probability that the claimant's radicular signs and symptoms that the patient has are probably related to the original injury." Dr. Kelley's testimony as to causal relationship and/or apportionment between the incidents involved was substantially similar to his previous testimony.

▮ In our opinion, the evidence presented at the most recent hearings was substantially identical to that which was presented previously in this claim. Since the additional testimony was not in any material way significantly different from the evidence in the earlier proceedings, the law of the case, *Hazelton I*, is controlling. Accordingly, we hold that any interpretation of *Hazelton II* that different inferences and conclusions can be drawn from substantially the same evidence is incorrect. Nor was that the holding in that case. Rather, the court merely determined that the hearing officer's award was based upon his "interpretation of the law of the case established in *Hazelton No. 1* and not upon the evidence

presented at the 1973 hearing . . . ." *Hazelton II, supra,* 23 Ariz.App. at 17, 530 P.2d at 374.

By virtue of the foregoing examination of the medical evidence which yielded our conclusion on the central issue, we have indirectly considered the secondary issue of whether new evidence as to apportionment of the claimant's permanent disability between the 1969 industrial injury and the 1970 non-industrial injury was submitted; and if so, whether this new evidence supports the award of the Commission.

▮ It is fundamental that a claimant prove all the elements of his claim by a preponderance of the evidence. *In re Estate of Bedwell,* 104 Ariz. 443, 454 P.2d 985 (1969). In reviewing the medical testimony presented during the 1975 hearings *de novo,* we have previously concluded that it was substantially the same as the evidence submitted during the previous series of hearings (1971 and 1973). However, the hearing officer, although characterizing the evidence as substantially the same, drew new inferences, assuming this was the mandate of *Hazelton II.* Since the controlling law of the case is that established in *Hazelton I* and the claimant therein, based upon substantially identical evidence, failed to meet his burden of proof as to causal relationship and/or apportionment (see *Hazelton I* ), we fail to see how the hearing officer's recent award can be sustained in the absence of new evidence, but for his interpretation of the law of the case established in *Hazelton II.*[1]

Failing to find the submission of new evidence as to apportionment between the industrial and non-industrial episode, we find the award of the hearing officer unsupported and the claimant failing to meet his burden of proof, we set aside the award.

FROEB, C. J., and HAIRE, J., concur.

---

1. We sympathize with the hearing officer's dilemma in this case. This dilemma we candidly admit arises, not from the hearing officer's understanding of the applicable law, but from the conflicting result reached in *Hazelton II.*